Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRANDON ALCAYDE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES GARCIA; CITY OF RONAN; and DOES )<br>1-10. )<br>)<br>Defendants. )<br>) | **COMPLAINT and**<br>**JURY DEMAND** |

### INTRODUCTION

1. This is an action for deprivation of civil rights under color of law, and for assault and battery, negligence, and other wrongful acts. This action arises out of both federal and state law for damages resulting from the unlawful conduct of Defendants City of Ronan and James Garcia that resulted in the use of excessive force on Plaintiff Brandon Alcayde.

COMPLAINT                                        PAGE 1

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983.

3. Jurisdiction for state law claims against all Defendants pursuant to the law of the State of Montana is conferred upon this Court pursuant to 28 U.S.C. § 1367.

4. Venue in this case is proper under 28 U.S.C. § 1391 and LR 1.2. Ronan is located in the Missoula Division of the United States District Court for the District of Montana. The events giving rise to the claims in this case occurred in this judicial district.

5. Because Plaintiff Brandon Alcayde makes no allegations against the State of Montana, pursuant to MCA §2-9-301, he is not required to file administrative claims against the City of Ronan prior to filing this action.

**THE PARTIES**

6. Plaintiff Brandon Alcayde is a citizen of the State of Montana and a resident of Ronan, Montana.

7. Based on information and belief, Defendant James Garcia is a citizen of the State of Montana and a resident of Lake County, Montana. Defendant Garcia was an employee of the City of Ronan Police Department at all times pertinent to this matter. He is sued in both his individual and official capacities.

8. Defendant City of Ronan is a municipality of the State of Montana and is located in Lake County.

9. Defendants Does 1-10 are individuals whose true identities and capacities are as yet unknown to Plaintiff and his counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or violations of law alleged herein and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries alleged herein. The true names and capacities of the Doe Defendants will be substituted as they become known.

## FACTUAL ALLEGATIONS

10. On January 15, 2016 Plaintiff Brandon Alcayde arranged to meet a woman named Nina Tenas at the Second Chance Bar in Ronan, Montana.

11. When Brandon arrived at the Second Chance Bar on the evening of January 15, 2016, Nina Tenas was not at the bar. Communicating through text messaging, Nina Tenas asked Brandon to come and pick her up and bring her to the Second Chance Bar.

12.     Brandon picked Nina Tenas up in his car at the location she specified and drove her back to the Second Chance Bar, where they had some drinks and socialized.

13.     While Brandon and Nina Tenas were socializing, Nina Tenas occasionally exchanged text messages with Defendant James Garcia.

14.     Defendant Garcia arrived at the Second Chance Bar, informed Brandon that he was on duty, and began to speak with Nina Tenas.

15.     Defendant Garcia and Nina Tenas took pictures of each other with their phones. When Defendant Garcia left the Second Chance Bar, Nina Tenas told him, "I'll see you later."

16.     Brandon decided to leave the Second Chance Bar, so he went out to his car and started it up. Nina Tenas followed him to the parking area and got into his car and asked Brandon to take her somewhere "out on the backroads."

17.     Brandon told Nina Tenas that he was uncomfortable with the situation and did not want to drive her out on the backroads. He suggested that he could take her to his house where they could get to know each other more. Nina Tenas agreed that they should go to Brandon's house.

18.     As Brandon drove to his house, Nina Tenas was actively texting on her phone. After they arrived at Brandon's house, Brandon noticed that Nina Tenas

was texting with Defendant Garcia. Brandon again told Nina Tenas he was uncomfortable with the situation, and told Nina Tenas he would drive her home.

19.   As Brandon started to drive her home, he noticed that Nina Tenas appeared to be exchanging Facebook messages with Defendant Garcia. Brandon immediately told Nina Tenas that he was concerned about a drunk driving charge and returned to his house.

20.   Brandon told Nina Tenas that he would call her a cab, but Nina Tenas became angered and began to walk away from Brandon's house.

21.   Based on information and belief, Nina Tenas texted Defendant Garcia that Brandon was holding her captive and that Brandon had shotguns in his vehicle.

22.   At or about 2:09 a.m. on February 16, 2016 Defendant Garcia informed Ronan dispatch that he had received texts from Nina Tenas that she was being held captive.

23.   Brandon watched Nina Tenas walk away from his house. Brandon watched Defendant Garcia meet Nina Tenas on Round Butte Road. Ronan officer TJ Sheridan also responded and took Nina Tenas to her home in his police vehicle.

24.   Brandon sat on his porch steps and Defendant Garcia drove to Brandon's house.

25. Defendant Garcia parked his vehicle, approached Brandon on foot and told Brandon that Brandon needed to answer a few questions.

26. Defendant Garcia then asked Brandon if Brandon had detained Nina Tenas against her will. Brandon told Defendant Garcia that he had not detained Nina Tenas.

27. Defendant Garcia then asked Brandon if Brandon had any firearms or drugs. Brandon told Defendant Garcia that he did not have any firearms or drugs.

28. Defendant Garcia then informed Brandon that he was under arrest for unlawfully detaining Nina Tenas. Brandon told Defendant Garcia that there was no basis for arrest and that Defendant Garcia had no reason to be on Brandon's property.

29. Defendant Garcia took out his TASER and ordered Brandon to lie down on the ground. Brandon complied and Defendant Garcia handcuffed Brandon.

30. Brandon asked Defendant Garcia to loosen the handcuffs. In response, Defendant Garcia bent Brandon's fingers back. Brandon squirmed in pain from having his fingers bent.

31. As Defendant Garcia bent Brandon's fingers back, Defendant Garcia had his knee on Brandon's back and yelled at Brandon to stop resisting.

32. Defendant Garcia activated his TASER several times on Brandon in stun drive mode.

33. Brandon lost consciousness from the TASER applications.

34. Ronan police officer TJ Sheridan arrived at the scene.

35. Defendant Garcia attempted to lift Brandon from the ground and drag Brandon to Defendant Garcia's police vehicle but slipped on the ice and snow several times.

36. Defendant Garcia and Ronan police officer TJ Sheridan dragged Brandon to Officer Sheridan's police vehicle and searched him, while Defendant Garcia continued to bend Brandon's fingers back.

37. Defendant Garcia and Ronan police officer TJ Sheridan dragged Brandon to Defendant Garcia's police vehicle and placed Brandon in the back seat.

38. Defendant Garcia transported Brandon to the Lake County jail.

39. Defendant Garcia cited Brandon with the following misdemeanor violations:

   MCA §61-3-312 – Operating a motor vehicle without a valid registration

   MCA §45-7-302(1) – Obstructing a peace officer

   MCA §61-5-102(1) – Operating motor vehicle without a valid license

   MCA §45-7-30 – Resisting arrest

    MCA §61-6-301(4) – Operating a motor vehicle without valid insurance

    MCA §45-5-301 – Unlawful restraint

40. Defendant Garcia cited Brandon with the following felony violations:

    MCA §45-5-210 – Assault on peace officer

41. Brandon was booked into the Lake County jail in the morning of January 16, 2016 and remained incarcerated until January 19, 2016, when he appeared in Lake County Justice Court and was released.

42. Later on January 16, 2016, Defendant Garcia returned to Brandon's residence. Brandon's mother was at home. Defendant Garcia told her that he had arrested Brandon. Defendant Garcia told Brandon's mother that Brandon had had a "notepad" and Defendant Garcia could not find it earlier that day when he had arrested Brandon. Defendant Garcia searched in the snow and ice in front of the house for the "notepad" but was apparently unable to find it.

43. On February 18, 2016, Lake County Attorney Steve Eschenbacher filed an information in Lake County District Court with supporting affidavit charging Brandon with assault on a peace officer and unlawful restraint.

44. Brandon was arraigned on these charges on March 10, 2016 and released.

45. Newspaper stories appeared about Brandon's arrest and charges.

46. On March 30, 2016, after Defendant Garcia was interviewed by Brandon's counsel in the criminal case against Brandon, Lake County Attorney Steve Eschenbacher moved to dismiss all charges against Brandon, and the district court dismissed all charges on March 31, 2016.

## COUNT 1

## 42 USC § 1983

## INDIVIDUAL LIABILITY

47. Brandon hereby incorporates all prior paragraphs.

48. At all times in which he interacted with Brandon on January 16, 2016, Defendant Garcia acted under color of law, statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages of the City of Ronan.

49. At all times in which they interacted with Brandon on January 16, 2016, Defendant Garcia acted within the course and scope of his employment.

50. Defendant Garcia, while acting under color of law, deprived Brandon of his civil rights under the Fourth Amendment to be free from detention and arrest not based on reasonable suspicion or probable cause, and to be free from unreasonable searches, unreasonable seizures, false arrest, false imprisonment, and excessive force.

51. The acts and omissions of Defendant Garcia, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

52. Defendant Garcia repeatedly deployed a TASER on Brandon in violation of rights guaranteed to him under the United States Constitution.

53. Defendants had prior notice of the inherent dangers of using a TASER in the performance of the police function.

54. This unnecessary and unwarranted use of force was an unlawful and excessive use of force, in violation of Brandon's rights.

55. Defendants falsely imprisoned Brandon in violation of rights guaranteed to him under the United States Constitution.

56. Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Brandon's constitutional deprivations, injuries, and damages. Brandon suffered and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock,

humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Brandon to sustain damages in a sum to be determined at trial.

57. As a further direct and proximate result of the aforesaid acts and omissions of Defendant Garcia, Brandon was taken to jail and had to respond to criminal court proceedings where he could have theoretically been convicted of a crime and sentenced to jail.

## COUNT 2

## 42 USC § 1983

### ENTITY LIABILITY

58. Brandon hereby incorporates all prior paragraphs.

59. Defendant City of Ronan established policies, customs, and practices that caused the violation of Brandon's rights under the United States Constitution.

60. Defendant City of Ronan failed to train, supervise, and discipline law enforcement officers employed by them with respect to the use of force in general, use of TASERS, and investigating the misconduct of law enforcement officers.

61.     The policies, customs, and practices implicitly or explicitly adopted by Defendant City of Ronan regarding training, supervision, and discipline amounted to deliberate indifference to and conscious disregard of Brandon's constitutional rights and ratification of violation of those rights. These policies, customs, and practices include, but are not limited to, the following:

> Failing to adequately train, supervise, and control officers in proper communications with members of the public
>
> Allowing officers to use their TASERs to torture and wantonly inflict pain in violation of clearly established Ninth Circuit standards for TASER use;
>
> Failing to set up systems to prevent abuse by officers, including the failure to properly track and investigate uses of force and the filing of abusive felony charges;
>
> Failing to discipline officers involved in abusing their authority; and
>
> Condoning and encouraging officers in the belief that they can violate the rights of persons such as Brandon with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

62.     The individuals who violated Brandon's statutory and constitutional rights included officials with final policy-making authority, thus the constitutional violations were acts of official governmental policies.

63.     Defendant City of Ronan, through its policies, ordinances, regulations, customs, official decisions, and failure to train, supervise, or discipline ratified law

enforcement officers' application of excessive force, false arrest, and false imprisonment.

64. Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Brandon's constitutional deprivations, injuries, and damages. Brandon suffered and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Brandon to sustain damages in a sum to be determined at trial.

65. As a further direct and proximate result of the aforesaid acts and omissions of Defendants, Brandon was taken to jail and had to respond to criminal court proceedings where he could have theoretically been convicted of a crime and sentenced to jail.

## COUNT 3

## MONTANA CONSTITUTIONAL RIGHTS

66. Brandon hereby incorporates all previous paragraphs.

67. Pursuant to the Montana Constitution, *see Dorwart v. Caraway*, 58 P.3d 128 (Mont. 2002), Brandon has the fundamental, inalienable, and self-executing rights to individual privacy; to be secure in his person, papers, hone, and effects

from unreasonable searches and seizures; and not to be deprived of life, liberty, or property without due process of law.

68. Defendants' acts and omission related to the incident involving Brandon on January 16, 2016 violated Brandon's constitutional rights.

69. Brandon has the right to seek recourse against those who violate his constitutional rights.

70. Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Brandon's constitutional deprivations, injuries, and damages, and Brandon is entitled to compensatory damages and attorneys' fees for Defendants' violations of his state constitutional rights.

## COUNT 4

## NEGLIGENCE

71. Brandon hereby incorporates all previous paragraphs.

72. At all times pertinent to this Complaint, Defendants were subject to a duty of care under state law in the exercise of the police function to protect Brandon's constitutional, statutory, and common law rights. The conduct of Defendants as set forth in this Complaint does not comply with the standard of care, and included negligent use of excessive force; negligent training, supervision and discipline of law enforcement officers; negligent enactment, enforcement, and

violation of law enforcement policies and procedures; negligent violation of Brandon's constitutional, statutory, and common law rights; and negligent performance of official duties.

73. As a direct and proximate result of Defendants' negligence, Brandon suffered injuries.

## COUNT 5

## ASSAULT AND BATTERY

74. Brandon hereby incorporates all previous paragraphs.

75. Defendant Garcia intentionally made harmful or offensive contact with Brandon. Defendant Garcia's use of force exceeded that necessary to restrain Brandon.

76. Defendant Garcia's intentional acts constituted assault and battery upon Brandon, and directly and proximately caused injuries to Brandon.

## COMPENSATORY DAMAGES

77. As a direct result of Defendants' unlawful conduct, Brandon suffered violations of his constitutional rights as set forth above.

78. As a direct and proximate result of Defendants' unlawful conduct, Brandon suffered physical and emotional pain and injuries.

## PUNITIVE DAMAGES

79. Brandon has filed this action against Defendants in their individual and official capacities.

80. Defendants acted knowingly, deliberately, intentionally, and maliciously without regard for Brandon's rights, interests, and well-being.

81. Defendants exhibited a reckless or callous disregard for Brandon's constitutional, statutory, and common law rights; Defendants intentionally violated federal law; and/or Defendants conduct was precipitated by evil motive or intent. Accordingly, imposition of punitive damages is proper and warranted under 42 USC §§1983 and 1985.

82. Defendants' unlawful acts and omission were willful and/or reckless; Defendants deliberately acted with indifference to the high probability of injury to Brandon. Such conduct justifies the imposition of punitive damages under MCA §§ 27-1-220, 221 in the amount sufficient to punish Defendants and to serve as a warning to other persons and legal entities similarly situated that conduct of the kind engaged in by Defendants is unacceptable in our society and will not be tolerated.

## ATTORNEYS' FEES

83. Pursuant to 42 USC § 1988, the Court may allow an award of attorneys' fees to Brandon if he prevails on claims asserted under 42 USC § 1983.

84. Brandon is entitled to recover reasonable attorneys' fees for violations of state constitutional rights under Montana's private attorney general doctrine.

## JURY DEMAND

Brandon demands a jury trial on all issues so triable.

## RELIEF

WHEREFORE, Brandon respectfully requests this Court to grant the following relief:

1. For damages in a reasonable amount to compensate Brandon fully for deprivation of his constitutional rights;

2. For damages in a reasonable amount to compensate Brandon fully for physical injuries, pain and suffering, and past and future emotional distress;

3. For punitive damages in an amount sufficient to punish Defendants and serve as a warning to other similarly situated persons and entities that such conduct will not be tolerated;

4. For declaratory and injunctive relief;

5. For attorneys' fees pursuant to 42 USC § 1988;

6. For reimbursement of costs and expenses of suit; and

7. For such further relief as the Court deems fair and just.

Dated this 27th day of June, 2016.

/s/Timothy M. Bechtold
BECHTOLD LAW FIRM


Attorneys for Plaintiff